**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHAHWANA MIAN,<br>　　　　　Appellant,<br><br>　　　v.<br><br>COURT SERVICES AND OFFENDER<br>　SUPERVISION AGENCY FOR DC,<br>　　　　　Agency. | DOCKET NUMBER<br>DC-0752-21-0109-I-1<br><br><br><br>DATE:  May 1, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shahwana Mian</u>, Prospect, Kentucky, pro se.

<u>Runako Kumbula Allsopp</u>, <u>David Cumberbatch</u>, and <u>Donald Tanguilig</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of an alleged suspension and a constructive suspension longer than 14 days and an alleged separation from Federal employment for lack of jurisdiction.  For the reasons set forth below, the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The appellant, a GS-12 Community Supervision Officer, filed the instant appeal alleging the agency suspended her for over 14 days on November 16, 2020, separated her on December 17, 2020, and constructively suspended her beginning on January 13, 2021. Initial Appeal File (IAF), Tab 3 at 1, 3, Tab 22 at 3, 10-11, Tab 23 at 8-9, 19-20. In connection with these actions, she also alleged the agency denied her due process and committed prohibited personnel practices, including engaging in discrimination and retaliation against her for engaging in equal employment opportunity activity. IAF, Tab 3 at 5. The agency moved to dismiss the appeal on the grounds that the appellant was only suspended for 5 days. IAF, Tab 7 at 6, 9, 75-82.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 29, Initial Decision (ID) at 1, 12. She reasoned that the appellant failed to nonfrivolously allege that her 5-day suspension in November 2020 was an appealable adverse action within the Board's jurisdiction. ID at 7. She also found conclusory and implausible the appellant's claim that she was removed in December 2020. *Id.* Lastly, the administrative judge found that the period of AWOL was not a constructive suspension because the appellant effectively voluntarily absented herself from work. ID at 8-11. The initial decision stated that it would become final on April 22, 2021, unless a petition for review was filed by that date. ID at 12.

On August 9, 2021, the appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1 at 3, Tab 2 at 1. She did not allege any error in the initial decision, but rather stated that she resigned her employment in June 2021 and requested that the Board require the agency to process her resignation. PFR File, Tab 1 at 3-5. The Office of the Clerk of the Board subsequently notified the appellant that her petition for review appeared to

be untimely and provided her with an opportunity to submit a motion requesting either to accept the filing as timely or waive the time limit for good cause. PFR File, Tab 2 at 2. The appellant submitted a motion requesting that the Board waive the deadline to file the petition for review on the grounds that the agency's delay in processing her June 2021 resignation constitutes new and material evidence. PFR File, Tab 3 at 4. The agency has responded to the petition for review. PFR File, Tab 4. The appellant has submitted a reply to the agency's response. PFR File, Tab 5. Additionally, after the close of record, the appellant filed a motion to proceed anonymously, which the agency opposed. PFR File, Tabs 7, 11.

### DISCUSSION OF ARGUMENTS ON REVIEW

<u>The petition for review is untimely filed.</u>

The initial decision indicated that the appellant's petition for review had to be filed by April 22, 2021. ID at 12. However, the appellant did not file her petition for review until August 9, 2021, more than 3 months after the deadline. PFR File, Tab 1. The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). The appellant is registered as an e-filer and, therefore, is deemed to have received the initial decision on the date of electronic submission. IAF, Tab 3 at 2, Tab 30; *see Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009); 5 C.F.R. § 1201.14(m)(2) (2021). Further, as an e-filer, the appellant was responsible for monitoring her case activity at e-Appeal to ensure that she received all case-related documents. 5 C.F.R. § 1201.14(j)(3) (2021).

We deem the appellant to have received the initial decision on March 18, 2021, the date it was electronically submitted. ID at 1; IAF, Tab 30. Therefore, her deadline for filing a petition for review was 35 days later, on April 22, 2021.

The appellant's August 9, 2021 petition for review was untimely by more than 3 months.

**The appellant has failed to demonstrate good cause for her untimely filed petition for review.**

In her motion to waive the deadline to file the petition for review, the appellant stated as good cause for her untimely filing that the agency's delay in processing her June 2021 resignation constitutes new and material evidence. PFR File, Tab 3 at 4. The agency responded submitting a Standard Form 50 showing that the appellant's resignation, effective June 2021, was processed in August 2021. PFR File, Tab 4 at 12. The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.114(f)-(g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force,* 4 M.S.P.R. 180, 184 (1980). The Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army,* 68 M.S.P.R. 60, 62-63 (1995), *aff'd,* 79 F.3d 1167 (Fed. Cir. 1996) (Table). The discovery of new evidence may constitute good cause for waiver of the Board's filing deadline if the evidence was not readily available before the close of the record below and is of sufficient weight to warrant an outcome different from that of the initial decision. *Minnich v. Office of Personnel Management*, 63 M.S.P.R. 573, 575 (1994), *aff'd per curiam*, 53 F.3d 348 (Fed. Cir. 1995) (Table).

Here, we find the appellant has failed to establish good cause for her untimely petition for review. Although the appellant is proceeding pro se, her more than 3-month delay in filing a petition for review is significant. Moreover,

the agency's delay in processing her resignation is not material because the appellant has not shown that it is of sufficient weight as to warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Specifically, she has not shown how the delay in processing her resignation is relevant to establishing jurisdiction over her alleged suspension, constructive suspension, and separation. Therefore, we find that the appellant has not presented new evidence on which to grant review of the initial decision. *See, e.g.*, *Rogers v. Department of Defense*, 75 M.S.P.R. 696, 698-99, (1997) (finding that a letter from an administrative judge of the Equal Employment Opportunity Commission was not material to the dismissal of a removal appeal for lack of Board jurisdiction because the appellant did not explain how the letter showed that the last chance agreement, pursuant to which he was removed, was invalid).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the suspension appeal.[2]

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[2] Following the close of record on review, the appellant submitted a motion to proceed anonymously, which the agency opposed. PFR File, Tabs 7, 11. A litigant seeking anonymity before the Board must present evidence establishing that harm is likely, not merely possible, if her name is disclosed. *Ortiz v. Department of Justice*, 103 M.S.P.R. 621, ¶ 10 (2006). Here, the appellant failed to indicate why she is requesting to proceed anonymously. Accordingly, her request is denied.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.